# ELLIOT v. STATE OF FLORIDA

Case No. 82-0049 AC

Seventeenth Judicial Circuit, Appellate Division, Broward County

April 28, 1983

## APPEARANCES OF COUNSEL

**L. Anton Rebalko, Titone, Roarke & Rebalko,** for appellant.

**Theresa Widmere**, Assistant State Attorney, for appellee.

## OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Judge.

The Defendant/Appellant, Bruce Elliot was charged, tried and convicted in County Court of a traffic infraction pursuant to the Rules of Practice and Procedure for Traffic Court. Following conviction, Defendant/Appellant perfected his appeal with this Court.

1. The Appellant basically challenges his conviction upon three thesis:

1. That he was entitled to an acquittal based upon the State's

failure to prove beyond a reasonable doubt all elements of the offense charged;

2. That the lower tribunal erred in accepting the evidence of the police officer's testimony on the ultimate issue of Defendant's speed by virtue of the State's failure to present sufficient or proper certificates in support of the officer's testimony;

3. That the police officer's testimony on the issue of speed based upon radar was not sufficiently reliable to prove the State's case beyond a reasonable doubt.

The foregoing issues will be addressed by the Court in reverse order.

As to the last issue, the Court finds that the Defendant failed to impeach or otherwise reduce the credibility of the police officer's testimony so as to warrant the trial court's disregard of same.

Regarding the second issue, the court finds that sufficient certificates were presented to the trial court, so as to allow the trial court to accept the testimony of the police officer. In this regard, the court specifically finds that it was not necessary for the officer to produce each and every six month certificate as specified under Florida Statute 316.1905, but rather it was sufficient that he present the appropriate six month certificate within the date of the issuance of the Defendant's citation. The fact that one such certificate did not bear the requisite witness signatures should go to the weight of the evidence and not the admissibility of same, therefore the trial court judge was correct in overruling the Defendant's objection directed to this technicality.

With respect to the first issue raised, the court finds that the Defendant was in fact charged, tried and convicted under Florida Statute 316.183(1). Said statute requires proof beyond a reasonable doubt that Defendant's vehicle was travelling at a rate of speed greater than that which is reasonable and prudent under the circumstances with regard to the actual or potential hazards then existing. In accordance with the statute, it is obviously necessary for the State to offer sufficient proof of both the Defendant's speed, as well as a description of the surrounding conditions and particularly the existing actual or potential hazards which renders the Defendant's speed greater than that which is reasonable and prudent under the circumstances. A review of the record in this case indicates that there is basically no evidence before lower tribunal to show that Defendant's speed was greater than that which was reasonable or prudent under the circumstances having regard to the actual or potential hazards. This aspect of proof being essential to the offense charged and there being

**55**

no proof directed at this element of the offense charged, entitled the Defendant to an acquittal.

Accordingly, the conviction order of the lower tribunal is reversed and this cause is remanded with instructions that the lower tribunal enter an order setting aside the Defendant's conviction with directions to the Clerk of the Court to enter a Supplemental Disposition to be forwarded to the Department of Highway, Safety and Motor Vehicles, Driver Improvement Division.